737 S.E.2d 849

**In the Matter of P. Michael DuPREE, Respondent.**

**Appellate Case No. 2012–213379.**

**No. 27218.**

Supreme Court of South Carolina.

Heard Jan. 9, 2013.
Decided Feb. 13, 2013.

Lesley M. Coggiola, Disciplinary Counsel, and Julie M. Thames, Assistant Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

J. Steedley Bogan, of Bogan Law Firm, of Columbia, and Dan M. David, of Dan M. David Attorney at Law, LLC, of Charleston, for respondent.

PER CURIAM.

In this attorney disciplinary matter, the Office of Disciplinary Counsel (ODC) and respondent have entered into an Agreement for Discipline by Consent (Agreement) pursuant to Rule 21 of the Rules for Lawyer Disciplinary Enforcement (RLDE) contained in Rule 413 of the South Carolina Appellate Court Rules (SCACR). In the Agreement, respondent admits misconduct and consents to the imposition of a definite suspension ranging from nine (9) months to one (1) year. He requests the suspension be made retroactive to April 18, 2012, the date of his interim suspension. *In the Matter of DuPree*, 398 S.C. 111, 727 S.E.2d 739 (2012). Respondent also agrees to pay the costs incurred in the investigation and prosecution of this matter by ODC and the Commission on Lawyer Conduct (the Commission) within thirty (30) days of the imposition of a sanction and, further, to complete the Legal Ethics and Practice Program Ethics School within six (6) months of the imposition of a sanction, to comply with the terms of his two (2) year monitoring contract with Lawyers Helping Lawyers,[1] and to insure quarterly reports from his treating physician regarding his diagnosis, treatment compliance, and prognosis are filed with the Commission for two (2) years. We accept the Agreement and suspend respondent from the practice of law in this state for nine (9) months, retroactive to the date of his interim suspension, with conditions as stated hereafter in this opinion. The facts, as set forth in the Agreement, are as follows.

### *Facts*

While vacationing in Utah, respondent was a passenger in a vehicle that was pulled over by law enforcement on March 22,

---

1. On April 20, 2012, respondent executed a two year monitoring contract with Lawyers Helping Lawyers.

2012. Utah Highway Patrol Trooper David Wurtz asked the driver for his license, vehicle registration, proof of insurance, and other information. Trooper Wurtz began to ask the driver about whether he had been drinking. Respondent repeatedly interrupted and told the driver not to answer the trooper's questions. Respondent told Trooper Wurtz he was a lawyer and that the driver did not have to do what the trooper asked.

Trooper Wurtz called for backup and other troopers arrived on the scene. When Trooper Wurtz requested the driver exit the vehicle, respondent, who was obviously intoxicated, became belligerent, repeatedly used profanity, and refused to cooperate with the troopers' requests to calm down. Respondent again reminded the troopers he was a lawyer. When the troopers told respondent to stay in the vehicle, he tried to get out. A few minutes later, when the troopers asked respondent to get out of the vehicle so it could be towed, respondent refused and locked the vehicle doors every time the troopers unlocked the doors. Respondent continued to berate the troopers and call them derogatory names.

The troopers were required to use force to remove respondent from the vehicle. One of the troopers deployed his TASER, but it did not function properly. When the troopers managed to remove respondent from the vehicle, respondent attacked the troopers. During the attack, respondent struck Trooper Wurtz in the mouth and bit him on the arm. Eventually, respondent was subdued and taken into custody. He was arrested and charged with two counts of assault on a police officer, disorderly conduct, resisting arrest, and public intoxication.

On September 12, 2012, respondent, through counsel, pled guilty to two counts of assault, one count of interference with a peace officer making a lawful arrest, and one count of failure to disclose identity, all misdemeanors. The pleas were entered *nunc pro tunc* to March 22, 2012, the date of respondent's arrest. Respondent was sentenced to one hundred and eighty (180) days on each charge, concurrent. The sentences were stayed and respondent was placed on probation for six (6) months under the following conditions: maintaining good behavior and no violation of any laws, payment of a $1,500.00

fine, payment of $840.52 to the Utah Worker's Compensation Fund, receipt of a substance abuse evaluation and completion of all recommended treatment, delivery of two letters of apology, one to Trooper Wurtz and one to another trooper, and service of one (1) day in the Summit County Jail with credit for one (1) day previously served. On September 17, 2012, the Third District Court in and for Summit County, Utah, found the conditions had been satisfied.

## *Law*

Respondent admits that by his conduct he has violated the following provision of the Rules of Professional Conduct, Rule 407, SCACR: Rule 8.4(b) (it is professional misconduct for lawyer to commit criminal act that reflects adversely on lawyer's honesty, trustworthiness, or fitness as a lawyer in other respects).

Respondent also admits he has violated the following Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR: Rule 7(a)(1) (it shall be ground for discipline for lawyer to violate Rules of Professional Conduct); Rule 7(a)(5) (it shall be ground for discipline for lawyer to engage in conduct tending to pollute administration of justice or to bring courts or legal profession into disrepute or conduct demonstrating an unfitness to practice law); and Rule 7(a)(6) (it shall be ground for discipline for lawyer to violate oath of office taken to practice law in this state and contained in Rule 402(k), SCACR).

## *Conclusion*

The Court has viewed the dash camera video recording of the vehicle stop and respondent's ensuing response. Given respondent's repeated use of profanity and his combative, hostile, and belligerent attitude, we find the troopers exercised extreme restraint in their treatment of respondent. Respondent's criminal acts and his complete disrespect for law enforcement warrant a suspension from the practice of law.

This situation underscores the negative affect of alcohol on good judgment. At oral argument, respondent testified he began drinking alcohol on the morning of the incident and "drank to oblivion."[2] We emphasize alcohol use does not excuse or mitigate respondent's misconduct.

---

2. The Court requested the parties appear for oral argument.

However, respondent is contrite and appears earnestly determined to overcome his alcoholism. Prior to his interim suspension, respondent voluntarily entered into an intensive outpatient therapy program at the Medical University of South Carolina, contacted lawyers to serve as personal mentors, and began attending Alcoholics Anonymous. Respondent sought counseling from his minister and a therapist. Respondent contacted Lawyers Helping Lawyers, entered into a monitoring contract, and has willingly "told his story" to other lawyers at the request of Lawyers Helping Lawyers.

Accordingly, we accept the Agreement for Discipline by Consent and suspend respondent from the practice of law in this state for nine (9) months, retroactive to April 18, 2012, the date of his interim suspension. Respondent shall pay the costs incurred in the investigation and prosecution of this matter by ODC and the Commission within thirty (30) days of the date of this opinion and shall complete the Legal Ethics and Practice Program Ethics School within six (6) months of the date of this opinion. Further, respondent shall comply with the terms of his two (2) year monitoring contract with Lawyers Helping Lawyers and shall insure that quarterly reports from his treating physician regarding his diagnosis, treatment compliance, and prognosis are filed with the Commission for two (2) years. Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30 of Rule 413, SCACR.

**DEFINITE SUSPENSION.**